## BURNETT *vs.* FOUCHE' *et al.*[*]

Where a bill in equity was filed and an interlocutory injunction prayed, and upon the refusal thereof a bill of exceptions was filed, bringing such refusal alone before the court for review, this did not transfer the whole case from the superior to this court so as to prevent the complainant from dismissing this bill while the writ of error was pending here; and it being made to appear to this court, by a transcript of the record from the court below, that the complainant has so dismissed his bill, the writ of error is dismissed.

January 20, 1888.

Practice in Supreme Court.

Reported in the decision.

HENRY WALKER; HARRISON & PEEPLES, for plaintiff in error.

DABNEY & FOUCHE', for defendants.

*[*] BLECKLEY, C. J., being disqualified, Judge CLARKE, of the Atlanta Circuit was designated to preside in his stead.*

Burnett *vs.* Fouche' *et al.*

CLARKE, Judge.

The error assigned in this case is a refusal by the court below to grant a temporary injunction. Before the argument was commenced here, the counsel for the defendant exhibited a transcript from the record of that court showthat the bill had there been dismissed by the complainant, and insisted that this court should therefore dismiss the bill of exceptions. The counsel for complainant admitted that this had been done, but claimed the right to proceed. It was thought, at the time, best to hear the argument on the case at large, and to reserve the question thus raised. Upon consideration, we are satisfied that the motion of the defendant ought to have prevailed. The only matter submitted to this court by the bill of exceptions is, whether the judge erred in denying the interlocutory injunction. The bringing of this question here did not transfer the whole case. The bill upon which this question was made was left pending in the lower court.

In the several cases where this court held that, before the act of 1870, it could not review the granting or refusing of an interlocutory injunction, the judgment was put on the ground that the cause was still thus pending. 40 *Ga.* 309, 315, 316; 41 *Id.* 544, 546; 55 *Id.* 352. If, as seems clear, the bill was yet pending in the superior court, the complainant could dismiss it by an order of that court. Code, §3447. Being dismissed, it would follow that a bill of exceptions alleging error upon any interlocutory ruling made on the bill, must likewise go. If it were otherwise, this court would be in a position where it would make a decision altogether nugatory. An injunction ordered by it, for instance, would, in such a case, be ineffectual because it would be a judgment in a cause which had ceased to exist. It is therefore ordered that the bill of exceptions be dismissed.